■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEX PAPPAS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated July 22, 1974, which granted defendant's motion to suppress certain evidence. Order reversed, on the law and the facts, and motion denied. At the suppression hearing, the arresting officers both testified that when they went to arrest the defendant's wife for menacing another woman, she told them that if the complainant was going to have her arrested then she, defendant's wife, would show the police how defendant was supporting the complainant. She then told the police to look in the bedroom. One of the officers discovered policy slips between the mattress and box spring of the bed. It is clear from the circumstances that the defendant's wife had no intention of strictly limiting the search to the bedroom without including the area between the mattress and box spring of the bed. The genesis of the transaction shows that her main purpose was that the police find the policy slips and that she consented to a search of whatever area was necessary to uncover those slips. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.

■ ARLEEN J. ROBINSON, Respondent, v JOHN P. ROBINSON, Appellant. —The respective attorneys for the parties on this appeal from an order of the Supreme Court, Westchester County, entered July 22, 1975, have agreed that the appeal be withdrawn, after a conference in this court before Mr. Justice Gittleson on October 24, 1975, and thereupon signed a stipulation to such effect and including other provisions. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, and it is further ordered that the case proceed to trial on November 7, 1975, subject to any further order which may be made by the trial court as to the Trial Calendar. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ MARY A. RUSNACK, Appellant, v THEODORE RUSNACK, Respondent.— In an action for divorce, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County, entered November 1, 1973, as, upon granting her a divorce, awarded her alimony of $180 a week, child support of $30 a week for each of the parties' five children and a counsel fee of $2,000. Judgment modified, on the facts, by increasing the award for child support to $50 per week per child (for a total of $250 a week), and increasing to $50 per week the amount by which that award shall be reduced as each child reaches the age of 21 years. As so modified, judgment affirmed insofar as appealed from, with costs to appellant. In our opinion, the amount awarded for child support was inadequate under all of the circumstances in this case and should be increased to the extent indicated herein. Plaintiff's remaining contentions have been considered and have been found to be lacking in merit. We have taken judicial notice that, by order of the Supreme Court, Nassau County, dated August 11, 1975, made by Mr. Justice Derounian, the judgment was amended by increasing the alimony award from $180 a week to $230 a week. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.